SUPERIOR COURT
OF THE
STATE OF DELAWARE

E. SCOTT BRADLEY
JUDGE

1 The Circle, Suite 2
GEORGETOWN, DE 19947
TELEPHONE (302) 856-5256

August 28, 2019

James P. Hall, Esquire
PHILLIPS, GOLDMAN,
MCLAUGHLIN & HALL, P.A.
1200 North Broom Street
Wilmington, DE 19806

Chase T. Brockstedt, Esquire
BAIRD MANDALAS
BROCKSTEDT
1413 Savannah Road, Suite 1
Lewes, DE 19958

Julis Malpico Brown
22445 Harbeson Road
Harbeson, DE 19951

Patrick G. Rock, Esquire
HECKLER & FRABIZZIO
800 Delaware Avenue, Suite 200
P.O. Box 128
Wilmington, DE 19899

Roger D. Landon, Esquire
MURPHY & LANDON
1011 Centre Road, #210
Wilmington, DE 19805

Re: *Andreea B. Roman v. Julis Malpico Brown, George A. Panarello, III, Paul J. Hysock, Jr., and All Scoots LLC*
C.A. No. S16C-08-016 ESB

Date Submitted: May 10, 2019

Dear Counsel:

In this Motion for Summary Judgment, I must decide whether a scooter store, its owner, and an employee can be found liable for injuries sustained in an accident involving the owner's scooter that had been loaned by the employee to a

1

customer for his use while his personal scooter was undergoing repairs. At the time of the accident, the scooter was being operated by a relative of the customer.

The injured party seeks to recover against the scooter store, its owner, and the employee under a theory of negligent entrustment. I find that the moving defendants are entitled to judgment as a matter of law as they had no knowledge that the scooter would be driven by anyone other than the customer when it was loaned to him, and because the customer's driving ability did not attribute to the injuries eventually sustained.

## BACKGROUND

Defendant George A. Panarello, III ("Panarello") is the owner of Defendant All Scoots, LLC ("All Scoots") which operates as a scooter repair and storage business in Rehoboth Beach, Delaware. Defendant Paul J. Hysock, Jr. ("Hysock") is a former employee of All Scoots.

In June of 2014, Walter Brown brought his scooter to All Scoots for repairs. Hysock attempted to fix the scooter at that time but was unsuccessful. In order for Walter Brown to get to work, Hysock loaned him a scooter owned by Panarello that was stored in the shop (the "All Scoots Loaner"). According to Hysock, Walter Brown did not appear to have any difficulty operating the All Scoots

2

Loaner as he drove away. At that time, and unbeknownst to Hysock, Walter Brown's driver's license had been suspended.[1]

On July 1, 2014, Panarello received a call from the Rehoboth Police Department informing him that the All Scoots Loaner was in the possession of someone an officer had stopped for acting strangely. Shortly thereafter, Panarello went to All Scoots and demanded that Hysock have the All Scoots Loaner returned. Panarello also informed Hysock that he did not have permission to loan out the scooter to customers.

Hysock then placed numerous phone calls to Walter Brown over a period of several days requesting that he return the All Scoots Loaner. Eventually, Walter Brown did bring the scooter back but, due to continued problems with his personal scooter, he was once again allowed to borrow the All Scoots Loaner.[2]

On August 21, 2014, Plaintiff Andreea Roman (the "Plaintiff") suffered severe injuries after she was struck by Defendant Julis Malpico Brown driving the All Scoots Loaner. Although Julis Brown is related to Walter Brown, it is unclear how exactly he came to be in possession of the All Scoots Loaner at the time of the accident.

---

[1] Walter Brown was also convicted of driving a vehicle while under the influence in violation of 21 Del. C. § 4177 in May 2012.

[2] On April 23, 2018, Hysock plead guilty to an unauthorized use of a motor vehicle charge in relation to giving Walter Brown the All Scoots Loaner the second time.

The Plaintiff filed suit against Julis Brown, Panarello, Hysock, and All Scoots for the injuries she sustained in the accident on August 15, 2016. The Plaintiff alleged that the moving defendants were liable for her injuries under the doctrine of negligent entrustment. Additionally, the Plaintiff alleged that All Scoots was liable for the conduct of Hysock under the theory of respondeat superior. A judgment by default was entered against Julis Brown on April 20, 2018 for failing to appear in the case. Panarello and All Scoots filed their Motion for Summary Judgment on May 29, 2018. Hysock joined the Motion for Summary Judgment on July 10, 2018.

## CONTENTIONS OF THE PARTIES

Panarello and All Scoots argue that summary judgment is appropriate because there is no evidence that any of the moving defendants had any reason to believe that Walter Brown was a reckless or incompetent driver when he was given the All Scoots Loaner. They also contend that there is no evidence that the moving defendants knew or should have known that Walter Brown would entrust the scooter to Julis Brown. Moreover, they point out that the record does not show that Julis Brown was a reckless or incompetent driver when he received that All Scoots Loaner from Walter Brown. Hysock also argues that the Plaintiff's claims against the moving defendants must fail because they did not entrust the All Scoots Loaner to Julis Brown.

4

The Plaintiff argues that the motion for summary judgment should be denied because Walter Brown's lack of a valid license at the time he was initially allowed to use the All Scoots Loaner establishes that he was incompetent driver. She believes that the moving defendants had a duty to perform an investigation as to whether Walter Brown was a safe and competent driver before giving him the scooter. Additionally, the Plaintiff posits that even if the moving defendants did not know that Walter Brown was an incompetent or reckless driver when he was first given the All Scoots Loaner, the conversation between Panarello and the Rehoboth Police Department is sufficient to show the moving defendants' negligence in allowing Walter Brown to use the scooter a second time.

## LEGAL STANDARD

The Court will grant summary judgment only when no material issues of fact exist, and the moving party bears the burden of establishing the non-existence of material issues of fact.[3] Once the moving party meets its burden, the burden shifts to the non-moving party to establish the existence of material issues of fact.[4] The Court views the evidence in a light most favorable to the nonmoving party.[5] If, after discovery, the non-moving party cannot make a sufficient showing of the existence of an essential element of the case, then summary judgment must be

---

[3] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).
[4] *Id.* at 681.
[5] *Id.* at 680.

5

granted.[6] If, however, material issues of fact exist or if the Court determines that it does not have sufficient facts to enable it to apply the law to the facts before it, then summary judgment is not appropriate.[7]

## DISCUSSION

The threshold issue in this matter is whether Hysock's act of allowing Walter Brown to use the All Scoots Loaner is sufficient to support liability against the moving defendants for the Plaintiff's injuries under a theory of negligent entrustment. Under Delaware law, the elements of negligent entrustment are: (1) entrustment of a vehicle; (2) to a reckless or incompetent driver whom; (3) the person entrusting the vehicle has reason to know is reckless or incompetent; and (4) the entrustment leads to damages.[8] An "unusually high" showing of foreseeability is required before an owner will be found liable for negligent entrustment.[9]

The Plaintiff here is not making a simple negligent entrustment claim. She instead seeks to extend the potential chain of liability to include Walter Brown's apparent subsequent entrustment of the All Scoots Loaner to Julis Brown. The

---

[6] *Burkhart v. Davies*, 602 A.2d 56, 59 (Del. 1991), *cert. den.*, 112 S. Ct. 1946 (1992); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).
[7] *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. 1962).
[8] *Cannon v. Bolden*, 2018 WL 1578162, at *3 (Del. Super. Mar. 27, 2018).
[9] *Shonts v. McDowell*, 2003 WL 22853659, at *2 (Del. Super. Aug. 5, 2003).

6

Court considered a similar claim in *Berger v. Millstone*.[10] *Berger* involved a rental car that had been lent by the original entrustee to a friend who was then involved in an accident. In denying the plaintiff's claim against the rental car company for negligent entrustment, the Court reasoned that, "[t]o suggest that [the original entrustor] would have a duty to prevent negligent injuries by any operators unknown to it, and without possibly having any knowledge of the skill or competence of any drivers unknown to it, would be an unreasonable and unfair extension of the negligent entrustment doctrine."[11] I find that rationale applicable here.

In the current case, there is no evidence on the record that the moving defendants had any knowledge or expectation that Julis Brown would be allowed to operate the All Scoots Loaner. Therefore, they had no opportunity to assess his ability to operate a scooter. Even viewing the evidence in a light most favorable to the Plaintiff, there are no facts that suggest the moving defendants should have foreseen that Walter Brown would allow Julis Brown to drive the All Scoots Loaner *and* that Julis Brown would be a reckless or incompetent driver.[12]

---

[10] 2001 WL 1628308 (Del. Super. Apr. 24, 2001).

[11] *Id.* at *3.

[12] I find that the Plaintiff errs in her reliance on the July 1, 2014, phone call between Panarello and the Rehoboth Police Department. The Plaintiff states that the police told Panarello that they had stopped an unidentified individual on the scooter for driving unsafely, and that Panarello shared this information with Hysock. The Plaintiff uses this as proof that the moving defendants had actual

Moreover, a legitimate claim of negligent entrustment must include some nexus between the recklessness or incompetence of the original entrustee in operating a vehicle and the injuries eventually sustained. I struggle to see how this necessary connection could possibly exist when the damages arise during a subsequent entrustee's operation of the vehicle. Even if the moving defendants had reason to know that Walter Brown was a reckless or incompetent driver, they would not be liable for negligent entrustment as there exists no relationship between his driving ability and the injuries sustained by the Plaintiff. As it currently stands, the tort of negligent entrustment in Delaware does not impose liability for the actions of subsequent, unanticipated entrustees.

There are four elements to a negligent entrustment claim.[13] To survive the moving defendants' Motion for Summary Judgment, the Plaintiff is required to make a sufficient showing of the existence of each of these elements of her claim. I find that the Plaintiff has failed to establish all of the essential elements of

---

knowledge that Walter Brown was either driving unsafely or had given the scooter to someone who was driving unsafely. I found this unhelpful because the record before me does not show who was riding the scooter that night, how they came to be in possession of the scooter, or that they were stopped due to unsafe driving. Additionally, the deposition testimony from the moving defendants does not establish that Panarello shared specific information from the phone call with Hysock.

[13] *See supra* note 8.

negligent entrustment with regard to the moving defendants' interactions with either Walter Brown or Julis Brown.

Hysock entrusted the All Scoots Loaner to Walter Brown. The lack of a valid driver's license at the time of the entrustment shows that Walter Brown was, at least legally, an incompetent driver. However, the Plaintiff has not shown that Hysock had reason to suspect that Walter Brown was incompetent. She has provided no authority to support her contention that Hysock had a duty to undertake some additional investigative measure to determine the adequacy of his driving ability. Most importantly, the damages that eventually occurred were in no way caused by Walter Brown's poor driving.

As to Julis Brown, it is undisputed that his possession and operation of the All Scoots Loaner lead to the Plaintiff's injuries. But, the moving defendants did not entrust the scooter to Julis Brown. Notwithstanding his collision with the Plaintiff, there is no evidence that he was a reckless or incompetent driver. Even if he was a dangerous driver, the moving defendants, being unaware of his very existence, had no reason to have any opinion whatsoever as to his driving ability. Accordingly, I find that the moving defendants are entitled to summary judgment in their favor.

9

## CONCLUSION

The Motion for Summary Judgment filed by Panarello and All Scoots and joined by Hysock is **GRANTED**.

Very truly yours,

E. Scott Bradley

ESB:tll

cc: Prothonotary's Office

10